UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STANLEY N. LOZOWSKI,

          Plaintiff,

   -against-       **MEMORANDUM OF**
               **DECISION AND ORDER**
THE WIZ (a former Cablevision Electronics 04 Civ. 5412 (ADS) (ETB)
Investments, Inc. Company now bankrupt),
CABLEVISION ELECTRONICS
INVESTMENTS, INC., RAINBOW MEDIA
HOLDINGS LLP, OPTIMUM ONLINE and
CABLEVISION SYSTEMS CORPORATION,

          Defendants.
------------------------------------------------------------X

**APPEARANCES:**

**STANLEY N. LOZOWSKI**
*Pro Se Plaintiff*
503 Beech Street
New Hyde Park, New York 11040

**MORGAN, LEWIS & BOCKIUS LLP**
Attorneys for the Defendants Cablevision Systems Corporation and Rainbow Media
Holdings, Inc.
101 Park Avenue
New York, New York 10178
   By: Amber Kagan, Esq., Of Counsel

**NO APPEARANCE:**

The Wiz (A former Cablevision Electronics Investments, Inc. Company now
bankrupt)
Cablevision Electronics Investments, Inc.
Optimum Online

**SPATT, District Judge**.

On November 12, 2004, the plaintiff Stanley N. Lozowski ("Lozowski" or the "Plaintiff") commenced this action in the Supreme Court of the State of New York, Nassau County, against The Wiz, Cablevision Electronics Investments, Inc., Rainbow Media Holdings LLC, Optimum Online, and Cablevision Systems Corporation (collectively, the "Defendants"), alleging various causes of action relating to his former employment at The Wiz store in Carle Place, New York.

On December 13, 2004, Cablevision Systems Corporation and Rainbow Media Holdings LLC (the "Moving Defendants") removed this action on the basis that the complaint appears to state a federal cause of action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The complaint also asserts state law causes of action for failure to pay commissions under the New York Labor Law and wrongful termination

Pending before the Court is a motion by the Moving Defendants to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") on the basis that the allegations fail to state a cause of action upon which relief may be granted.

## I. DISCUSSION

**A.    As to the Motion to Dismiss**

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that

the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. *See Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000) (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999)). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

In making this determination, the Court is mindful that the plaintiff's *pro se* status means that his submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972)). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of his lack of legal training. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Indeed, courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, *pro se* status "'does not exempt a party from compliance with relevant

rules of procedural and substantive law.'" *Traguth*, 710 F.2d at 95 (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

      **1.**     **As to the federal cause of action.**

Although the complaint makes no mention of ERISA or an employee benefit plan, the Moving Defendants removed this action on the ground that they construed the complaint to state a federal cause of action pursuant to ERISA for failure to pay medical benefits.

With regard to this cause of action, the Plaintiff was involved in a work related accident causing injury to his right arm. The Plaintiff further asserts that "the Wiz mailed [to] him his medical registration forms late and then, because the forms were delivered late, refused to grant him medical benefits available to all other Wiz employees . . . ." Compl. ¶ 14. In connection with this cause of action, the Plaintiff seeks damages in the amount of $34,000 for medical bills "incurred while in the employ of the Wiz."

Even assuming that the medical benefits allegedly denied to the Plaintiff should have been paid pursuant to an ERISA plan, Lozowski's allegations fail to state a claim for which relief may be granted. It is well-settled that "an ERISA plan beneficiary may bring a civil action to recover benefits due under the terms of the plan, *see* 29 U.S.C. § 1132(a)(1)(B), but only the plan or its administrators or trustees in their capacity as such are proper defendants." *Brannon v. Tarlov*, 986 F. Supp. 146,

152 (E.D.N.Y. 1997), *aff'd* 164 F.3d 617 (2d Cir. 1998) (citing *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989). Because Lozowski named only his alleged employers as defendants, to the extent that the Plaintiff purports to assert a cause of action pursuant to ERISA, such claim must fail and is dismissed. *See id; Blouse, Skirt, & Undergarment Ass'n, Inc. v. Morris*, 93 Civ. 1257, 1996 WL 325595, at *4 (S.D.N.Y. June 12, 1996).

        2.     **As to the state law causes of action.**

Because the cause of action that formed the basis of the Moving Defendants' removal of this action to this Court has been dismissed, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims. *See* 28 U.S.C. 1367(c)(3) (stating that the Court may decline to exercise supplemental jurisdiction if the Court has dismissed all claims over which it had original jurisdiction); *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L. Ed.2d 218 (1966); *see also Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1490 (2d Cir. 1994) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994).

**B.**     **As to the *Sua Sponte* Remand to State Court**

The Court has found that there is no viable federal cause of action pleaded in the complaint. Therefore the Court has no subject matter jurisdiction over this case.

As such, the Court *sua sponte* remands this case to the state court. 28 U.S.C. § 1441(b); *See also Anderson v. Desai*, No. 01 Civ. 1087, 2001 WL 1717303, at * 1 (N.D.N.Y. Dec. 12, 2001) ("[T]his court is obliged to ascertain, *sua sponte*, if it has the subject matter jurisdiction in this case, and therefore, whether it was appropriately removed.").

## II. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the motion by Rainbow Media Holdings and Cablevision Systems Corporation to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED** as to the purported federal ERISA cause of action; and it is further

**ORDERED**, that to the extent that the complaint asserts a claim pursuant to ERISA, such claim is dismissed without prejudice; and it is further

**ORDERED**, that this case be **REMANDED** to the State of New York Supreme Court, Nassau County, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
April 28, 2005

                                                    ARTHUR D. SPATT
                                                United States District Judge